In re

**CHAPTER 11**

**BRAY & GILLESPIE**
**MANAGEMENT, LLC, et al**

**CASE NO.: 3:08-bk-05473-JAF**

Debtors.

**Jointly-Administered with cases no.**
**3:08-bk-05474 through 3:08-bk-05551**

_____/

### DEBTOR'S RESPONSE TO ANDERSON
### KILL & OLICK, P.C.'S MOTION FOR RELIEF FROM THE
### AUTOMATIC STAY AND INCORPORATED MEMORANDUM OF LAW

**BRAY & GILLESPIE MANAGEMENT, LLC** ("B&G Management" or "Debtor"), as the

debtor and debtor-in-possession, hereby files this response, pursuant to 11 U.S.C. §362(d), to Anderson

Kill & Olick, P.C.'s ("AKO") Motion for Relief from the Automatic Stay and Memorandum of Law ("Stay

Relief Motion"), filed with the Court on October 22, 2008 (Doc. No. 134), and in support therefore states

as follows:

    1. On September 12, 2008 (the "Petition Date"), B&G Management and seventy-eight (78) of

its affiliated or related debtors and debtors-in-possession (collectively, the "Debtors") filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the

"Bankruptcy Code"). The Debtors continue to operate their respective businesses and manage their

properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee

or examiner has been requested or appointed in any of the Debtors' chapter 11 cases.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. In the Stay Relief Motion, AKO requests relief from the automatic stay to proceed with pending litigation in the United States District Court in the Southern District of New York in order to ascertain what amount, if any, is owed to AKO by Bray & Gillespie, Inc., B&G Management, Charles A. Bray and Joseph Gillespie for pre-petition legal services. The Stay Relief Motion alleges the following as "cause" to lift the automatic stay: (i) the Debtors have acted in bad faith by not paying their pre-petition legal bills and by engaging in dilatory litigation tactics; (ii) allowing the pending litigation to proceed in the original forum will conserve judicial resources; (iii) there will be no prejudice to the Debtors' reorganization efforts; and (iv) AKO will be prejudiced if it is forced to liquidate its claim in the Bankruptcy Court.

I.   **PROCEDURAL AND FACTUAL BACKGROUND**

   A.   **The Debtors' Business and Related Insurance Litigation**

4. Since 1988, the Debtors have been engaged in the business of renovating and redeveloping resort properties along Florida's Atlantic coastline. As of the Petition Date, the Debtors collectively own over one mile of ocean property from Daytona Beach to Ormond Beach. The property consists of numerous hotels, residential and commercial property.

5. B&G Management operates a total of twenty-three (23) hotels located in Volusia County which are either affiliates or related companies. Additionally, B&G Management, manages seven (7) other entities (related or affiliated) which own income producing property. Finally, certain affiliated or related

2

parties own twenty-six (26) other non-income producing parcels or real property located throughout Volusia County.

6. Overall, Debtor and the affiliated and related entities are the largest land owner in Volusia County and employ approximately 560 people.

7. In 2004, the hurricane season was particularly tumultuous in the Daytona Beach area. Hurricane Charley was a very fast-moving, compact storm, which made landfall near Port Charlotte, Florida, on August 13, swept across the state and hit Daytona Beach from the inland before reentering the Atlantic Ocean. Hurricane Frances was a very large storm in size, which moved made landfall at Hutchinson, Island South, Florida (near Port. St. Lucie, Florida ) in the early hours of September 5, and caused a significant amount of collateral damage. Portions of Daytona Beach were without electricity or phone service for ten days following Frances due to downed lines or shorted transformers. Just three weeks later, Hurricane Jeanne formed in the Atlantic Ocean and made landfall only six miles from the same spot Frances hit, at Hutchinson Island South, Florida, on September 26.

8. Due to the tumultuous hurricane season in 2004, numerous hotel properties were no longer capable operating due to the inability to recover from the physical and economic damages sustained as a result of Hurricanes Charley, Frances, and Jeanne. Consequently, some hotels have been demolished and remain vacant, with no buildings or other improvements. The Debtors have spent over $10 million litigating with insurance providers over failure to provide coverage for all of the physical damage to the hotels, as well business interruption damages.

9. Ultimately, the Debtor and certain of its affiliated or related debtors and debtors-in-possession instituted the following legal proceedings to collect against the insurance providers: (i) the case styled *Bray & Gillespie Management LLC et al. v. Lexington Insurance Company et al.*, pending in the United States District Court for the Middle District of Florida, Orlando Division, case no. 6:07-cv-222-Orl-19KRS ("Lexington Litigation"); (ii) the case styled *Bray & Gillespie IX, LLC v. The Hartford Fire Insurance Company, et al.*, pending in the United States District Court for the Middle District of Florida, Orlando Division, case no. 6:07-cv-326-Orl-32KRS ("Hartford Litigation"); and (iii) the case styled *Bray & Gillespie, inc. et al. v. Citizens Property Insurance Corporation, et al.*, pending in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, case no. 2007-30913-CICI ("Citizens Litigation") (collectively, the "Insurance Litigation").

10. On or about May 30, 2006, Debtor engaged AKO in connection with the Lexington Litigation. Pursuant to the terms of engagement, the Debtor was to be charged based upon the firm's hourly rate, and billed monthly for time charges and disbursements. There was no agreement that AKO would be paid from the proceeds from any settlement or judgment in the Lexington Litigation. A copy of the Letter of Engagement is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

11. AKO instituted the following litigation on behalf of the Debtor, Bray & Gillespie IX, LLC ("B&G IX"), Bray & Gillespie Inc. ("B&G Inc.") and Bray & Gillespie X, LLC ("B&G X"): (i) on or about February 13, 2007, AKO commenced the Lexington Litigation; (ii) on or about March 12, 2007, AKO commenced the Hartford Litigation; and (iii) on or about April 24, 2007, AKO commenced the Citizens Litigation. From May 30, 2006, through March 28, 2008, AKO represented the Debtors in the

4

Insurance Litigation. During this twenty-two month period, AKO charged the Debtors over $4,097,390.99 in attorneys fees, while the Debtors have paid at least $2,031,001.20 to AKO. As of the date of AKO's termination, discovery was still open and pending, dispositive motions were still being filed and the trials in the matters had not been scheduled. As set forth in letter terminating the services of AKO, the Debtors disputed the reasonableness of these fees and specifically reserved its' rights to challenge any pending or future fee or cost. A copy of the termination letter is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

12. On or about April 9, 2008, AKO sent correspondence to all opposing counsel in the Insurance Litigation entitled "Notice of Attorney's Lien" allegedly asserting any all statutory and common law lien rights for unpaid attorneys' fees and specifically asserted a statutory charging lien pursuant to Section 475 of the New York Judiciary Law. Copies of the Notice of Attorney's Lien correspondence are attached hereto as **Composite Exhibit "C"** and is incorporated herein by reference.

13. On October 8, 2008, AKO filed a claim in the amount of $ 2,066,389.79 in the above referenced bankruptcy case (Claim No. 14) (the "AKO Claim"). The AKO Claim asserts a charging lien on the settlement proceeds or amounts recovered pursuant to any judgements in the Insurance Litigation.

14. The Debtors dispute AKO has a valid or perfected charging lien against any proceeds recovered from the Insurance Litigation, and will be commencing an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien in the proceeds. The Debtors also dispute the reasonableness of the attorneys' fees allegedly incurred by AKO

during the scope of their representation in the Insurance Litigation, and believe AKO may have committed malpractice while representing the Debtors.

**B.**     **The New York Litigation and AKO's Pre-Petition Claim**

15.     On or about March 31, 2008, only three days after having been terminated as counsel, AKO filed suit in the Supreme Court of New York, New York County, against B&G Inc., B&G Management, Charles A. Bray ("Bray"), and Joseph Gillespie ("Gillespie") (B&G Inc., B&G Management, Bray, and Gillespie, shall collectively be referred to as the "Defendants") alleging the following causes of action: (i) breach of contract (Count I); (ii) fraud (Count II); (iii) declaratory judgement (Count III); (iv) quantum meruit (Count IV); and (v) account stated (Count V) (the "AKO Complaint").

16.     On or about May 16, 2008, the Defendants filed a notice of removal of the AKO Complaint with the United States District Court for the Southern District of New York.

17.     On or about June 5, 2008, the Defendants filed a motion to dismiss the AKO Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the following grounds: (i)Counts I, IV, and V should be dismissed as to Bray and Gillespie because they were not parties to any contract with AKO; and (ii) Counts II, III, and V should be dismissed as to all Defendants because the AKO Complaint fails to adequately plead facts to support its claims. The Defendants filed a second motion to dismiss the AKO Complaint for lack of personal jurisdiction and improper venue, or in the alternative, a motion to transfer venue to the United States District Court for the Middle District of Florida.

18.     On July 1, 2008, AKO filed a motion for partial summary judgment as to Count V (account stated) of the AKO Complaint. AKO has not responded to the two pending motions to dismiss.

19.    As of the Petition Date, the two motions to dismiss and the motion for partial summary judgment were still pending and had not been fully briefed by all parties.  Discovery has not yet commenced, and no case scheduling order has been entered.

20.    On October 24, 2008, the District Court for the Southern District of New York entered an order staying the entire proceeding due to instant bankruptcy proceeding ("Stay Order").  The Stay Order provides that

> [t]his action is stayed for 90 days, that is, until January 23, 2009, and then shall be dismissed by the Clerk for want of prosecution, see Fed. R. Civ. P. 41(b), without further notice to the parties, unless plaintiff, before such date, (i) files a representation that plaintiff has either obtained leave of the bankruptcy court to proceed with this action, in which case the stay shall be lifted and the action may proceed in normal course; (ii) files a representation that a motion for such leave is pending with the bankruptcy court, in which case this action will be stayed for 30 further days and then be either dismissed or prosecuted; or (iii) makes a motion in this Court to obtain an enlargement of time, upon showing of cause, in order to seek such leave.  (A copy of the Stay Order is attached hereto as **Exhibit "D"** and is incorporated herein by reference).

21.    There has been no finding by the District Court for the Southern District of New York that the Defendants have engaged in dilatory litigation tactics or otherwise acted in bad faith.

**C.**    **The Injunction Complaint and TRO**

22.    On the Petition Date, the Debtors filed a complaint to extend the automatic stay and obtain injunctive relief, an application for preliminary injunction, and a motion for temporary restraining order ("Injunction Adversary") (Adversary Proceeding No. 3:08-ap-00290).

23.    In the Injunction Adversary, the Debtors requested the Court extend the automatic stay for the benefit of Bray and Gillespie, individually, and enjoin the named defendants from continuing to

prosecute the various collection actions pending in numerous state and federal courts. AKO was one of the defendants named in the Injunction Adversary, and the continued prosecution of the AKO Complaint was one of the federal court proceedings the Debtors were seeking to enjoin.

24. On September 16, 2008, this Court entered an order ("Preliminary TRO") granting the motion for temporary restraining order on a preliminary basis and scheduled a hearing on the preliminary injunction for September 2, 2008. AKO was served with the Preliminary TRO on September 17, 2008.

25. On September 25, 2008, the Court entered an order extending the *ex parte* temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b)(2), which had been consented to by AKO ("Consent Order"). Pursuant to the Consent Order, AKO is temporarily restrained for 120 days following September 12, 2008 (or 180 days after September 12, 2008, if a plan is filed by the Debtors within 120 days following September 12, 2008) from pursuing the AKO Complaint, or instituting any new actions against Bray and Gillespie.

26. Less than a month after the Court entered the Consent Order, AKO filed the Stay Relief Motion. The Debtors, Bray, and Gillespie assert that the Stay Relief Motion violates the Consent Order as it is an attempt to continue to prosecute the AKO Complaint in direct contravention to the Injunction Adversary and the restraining order.

## II.    ARGUMENT AND MEMORANDUM OF LAW

27. Section 362(d)(1) of the Bankruptcy Code provides, on request of a party in interest and after notice and a hearing, a court shall grant relief from the stay, such as terminating, annulling , modifying, or conditioning such stay, "for cause." 11 U.S.C. §362(d)(1). The party requesting relief from the

automatic stay must present a prima facie showing of "cause." See In re Unanue-Casal, 159 B.R 90 (D.P.R. 1993). Courts have interpreted the language of Section 362(d)(1) to include a broad set of circumstances constituting "cause" for stay relief. See, e.g., In re Dixie Broad., Inc., 871 F. 2d 1023, 1026 (11th Cir. 1989) (holding a petition filed in bad faith justifies lifting the stay); In re Robbins, 964 F.2d 342, 346 (4th Cir. 1992) (concluding cause exists where lifting the stay will promote judicial economy).

28.    Whether cause exists to grant stay relief must be determined on a case by case basis based upon the totality of the circumstances in each particular case. In re Aloisi, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); In re Wilson, 116 F. 3d 87, 90 (3d Cir. 1997). The totality of the circumstances of a case encompasses, among other things, how the parties have conducted themselves, their good or bad faith, and their motives. In re Mack, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006). Good faith is an intrinsic and integral component of the bankruptcy process. In re Little Creek Dev. Co., 779 F.2d 1068, 1071 (5th Cir. 1986); In re Hurdle, 11 B.R. 304, 306 (Bankr. E.D. Va. 1981). A debtor who does not act in good faith is not entitled to continue to enjoy the benefits, such as the automatic stay, afforded by the Bankruptcy Code. In re Mack, 347 B.R at 915.

29.    "Cause" for granting relief from the stay may also exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim upon which the lawsuit is premised. See In re Murray Industries, Inc., 121 B.R. 635 (Bankr. M.D. Fla. 1990); In re Saunders, 103 B.R. 298 (Bankr. N.D. Fla. 1989); In re Harris, 7 B.R. 284 (S.D. Fla. 1980).

30.     In determining whether this lawsuit should continue in the forum in which it was originated, rather than requiring the plaintiff to proceed solely by proof of claim in the bankruptcy proceeding, the Court must balance the potential prejudice to the debtor, the bankruptcy estate, and to other creditors against the hardship to the plaintiff if it is not allowed to continue the lawsuit. In re Murray Industries, Inc., 121 B.R. at 637. Equitable considerations, such as balancing prejudice to the debtor against hardship to the moving party, and judicial economy considerations (location of witnesses, documents, necessary parties) are relevant in determining whether to lift the stay. In re Aloisi, 261 B.R. at 508.

31.     Bankruptcy courts have employed the following criteria in considering whether "cause" exists to lift the automatic stay to allow pending litigation to proceed in the original forum: (i) trial readiness; (ii) judicial economy; (iii) the resolution of preliminary bankruptcy issues; (iv) cost of defense or other potential burden to the estate; (v) the creditor's chances of success on the merits; and (vi) presence of third parties over which the bankruptcy court lacks jurisdiction. See In re Johnson, 115 B.R. 634 (Bankr. D. Minn. 1989); In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984).

32.     Since both parties to the litigation benefit if the case can be tried expeditiously, the bankruptcy court should also take into consideration which of the competing courts may be better suited to fully determine the issues involved in the case, either because of specialized knowledge or experience or jurisdiction over third parties, and whether one of the competing courts is presently in a posture to try the case. See In re Tricare Rehabilitation Systems, Inc., 181 B.R. 569, 574 (Bankr. N.D.Ala. 1994) (citations omitted). Furthermore, principles of judicial economy require that without good reason, judicial resources should not be spent by duplicitous litigation, and that a lawsuit should only be tried once, if one

forum with jurisdiction over all parties involved is available to fully dispose of all issues relating to the lawsuit. See id.

A. **The Debtors have not acted in bad faith.**

33. In the instant case, the Debtors did not file bankruptcy in bad faith. The filing for protection under the Bankruptcy Code was precipitated by the catastrophic weather events of 2004 and the losses and decreased capital markets both the United States and Florida real estate markets have suffered over the last fifteen months.

34. Not surprisingly, Debtors' business has been drastically impacted as cash flow and revenue rates have steadily dropped. As a consequence, Debtors defaulted on several loan obligations, and at least three of the secured lenders filed foreclosure actions. Ultimately, the Debtors determined that it was in the best interests of all parties to seek reorganization under Chapter 11.

35. With respect to the litigation of the AKO Complaint, the District Court has not made any findings or even suggested that the Debtors, Bray or Gillespie have acted in bad faith or engaged in dilatory litigation tactics. The only allegations of wrongdoing on the part of the Defendants are the unsubstantiated and phantasmical allegations in the AKO Complaint.

36. The Debtors did not file petitions for reorganization under Chapter 11 as a litigation tactic to circumvent the trial court. The Debtors have not engaged in any activities pre-petition or post-petition which would warrant this Court from granting relief for the automatic stay on the basis of the Debtors having acted in bad faith.

**B.**     <u>Cause does not exists under the Totality of the Facts and Circumstances.</u>

37.   In the instant case, the AKO Complaint is not ready for trial. There are two pending motions to dismiss, one pending motion for summary judgment on one count of a five count complaint, no answer has been filed, and discovery has yet to be commenced. The District Court is no more familiar with the legal and factual issues involved in the AKO Complaint than this Court. The District Court is not in the best posture to provide a relatively quick and complete consideration of all issues among all parties to the case.

38.   Litigation of the AKO Complaint and AKO Claim in the District Court will hinder and impede the administration of the bankruptcy estates. AKO is attempting to fix the Debtors' liability for attorneys' fees and impress a charging lien on the proceeds of the Insurance Litigation; however, the District Court does not have *in rem* jurisdiction over the out-of-state proceeds, and only this Court has jurisdiction over the Debtors property. <u>11 U.S.C. §541</u>; <u>see also</u> <u>Orseck v. Shemesh</u>, 243 A.D. 2d 790, 791, 662 N.Y.S. 2d 622, 1997 N.Y. Slip Op. 08323.

39.   The issues involved in the AKO Complaint are not only a matter of state law, Florida or New York, but also involve the application of bankruptcy law. Pursuant to 11 U.S.C. §329, this Court has jurisdiction to review the reasonableness of the attorneys' fees claimed by AKO. If AKO has a valid and perfected charging lien in the proceeds of the Insurance Litigation, then this Court determines the extent of that charging lien by assessing the reasonableness of the attorneys' fees under bankruptcy standards. <u>See</u> <u>In re Albert</u>, 206 B.R. 636 (Bankr. D. Mass. 1997).

40. The cost of defense of the AKO Complaint is too exorbitant for the Debtors to support. Given the procedural posture of the litigation, the Debtors would have to hire new counsel, provide a retainer, and employ them through the bankruptcy case. No substantive work has been done preparing the AKO Complaint for trial and AKO has already filed the AKO Claim, effectively waiving their right to a jury trial on the issues raised in their claim.

41. In addition, the burdens on the estate outweigh any potential burden on AKO. All if not most of the witnesses and relevant documents are located within the Middle District of Florida, and all parties to the AKO Complaint have submitted themselves to the jurisdiction of the Court. The aforementioned equitable considerations, such as balancing prejudice to the debtor against hardship to the moving party, and judicial economy considerations (location of witnesses, documents, necessary parties) weigh in favor of the Debtors.

42. With respect to AKO's chances of success on the merits of the AKO Claim and AKO Complaint, it is difficult to assess at this time due to the lack of discovery in the litigation. However, a cursory review of the AKO Complaint reveals that AKO has failed to plead sufficient facts which would justify the imposition of personal liability upon Bray and Gillespie, individually, for acts or omission of the corporation.

43. Similarly, AKO's claim of a charging lien on the proceeds of the Insurance Litigation is insufficient under either Florida or New York Law. Pursuant to Florida law, there are three elements for creating a charging lien: (i) an express or implied contract between attorney and client; (ii) an express or implied understanding for payment of attorney''s fees out of the recovery; and (iii) either an avoidance of

payment or a dispute as to the amount of fees. <u>Daniel Mones, P.A. v. Smith</u>, 486 So. 2d 559 (Fla. 1986). To perfect a charging lien under Florida Law all that is required is timely notice. <u>Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom</u>, 428 So. 2d 1383, 1385 (Fla. 1983). There is arguably a general requirement that the attorney''s services contributed to, created, or protected the corpus sought to be impressed by the lien. <u>Gay v. McCcaughan</u>, 105 So. 2d 771, 773 (Fla. 1958). AKO cannot demonstrate that it has met any of the aforementioned requirements.

44.    Under New York law, charging liens exist based upon statute. Section 475-a of the New York Judiciary Law, which was enacted by Chapter 551 of the Laws of 1955, provides as follows: "If prior to the commencement of an action ... an attorney serves a notice of lien upon the person or persons against whom his client has or may have a claim or cause of action, the attorney has a lien upon the claim or cause of action from the time such notice was given." See <u>O'Grady v. Schmidt</u>, 192 N.Y.S. 2d 985 (N.Y. Sup. Ct. 1959). The notice, shall (i) be served by either personal service or registered mail; (ii) be in writing; (iii) state that the relationship of attorney and client has been established, the nature of the claim or cause of action; (iv) be signed by the client, or by a person on his behalf whose relationship is shown, and which signature shall also be witnesses by a disinterested person whose address shall also be given; and (v) be signed by the attorney. See <u>id</u>. AKO cannot demonstrate that it has met any of the aforementioned requirements.

45.    Finally, this Court has jurisdiction over all parties to the AKO Complaint. AKO has submitted itself to the jurisdiction of the Court by filing the AKO Claim. Bray and Gillespie have submitted themselves to the jurisdiction of this Court by the Injunction Adversary and the Consent Order. This Court

can promptly and more efficiently resolve all issues pertaining to the AKO Claim and the AKO Complaint without the need for duplicitous litigation.

### III. CONCLUSION: STAY RELIEF SHOULD BE DENIED

46. In conclusion, the Stay Relief Motion should be denied. AKO cannot demonstrate that the Debtors filed the instant bankruptcy proceedings in bad faith or engaged in bad faith and dilatory tactics in the underlying District Court litigation. Furthermore, based upon a totality of the facts and circumstances, "cause" does not exist to support lifting the automatic stay to allow the continued litigation of AKO Complaint in the District Court.

**WHEREFORE**, B&G Management respectfully requests this Court enter an Order denying Anderson Kill & Olick, P.C.'s ("AKO") Motion for Relief from the Automatic Stay and Memorandum of Law, and for such other and further relief as the Court deems just and proper in the circumstances.

**RESPECTFULLY SUBMITTED** this 14th day of November 2008.

/s/ Mariane L. Dorris
Mariane L. Dorris
Florida Bar No. 0173665
R. Scott Shuker
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN
& BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P.O. Box 3353  (32802-3353)
Orlando, Florida  32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for Debtors

In re:                                          CASE NO.  3:08-bk-05473-JAF

**BRAY & GILLESPIE**                            **CHAPTER 11**
**MANAGEMENT, LLC, et al**

                    **Debtors**                 **Jointly-Administered with cases no.**
_____/                **3:08-bk-05474 through 3:08-bk-05551**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the **DEBTOR'S RESPONSE TO ANDERSON KILL & OLICK, P.C.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND INCORPORATED MEMORANDUM OF LAW**, together with any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Jeffrey E. Glen, Esq., attorney for Anderson Kill & Olick P.C., Anderson, Kill & Olick, P.C., 1251 Avenue of the Americas, New York, New York 10020; Bray & Gillespie Management, LLC, Attn: Joseph G. Gillespie, 600 North Atlantic Ave., Daytona Beach, FL 32118; Bruce DelValle, General Counsel, and Erin Thompson, Associate General Counsel, Ocean Waters Management, 501 North Atlantic Avenue, Daytona Beach, FL 32118; John B. MacDonald, Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500 Jacksonville, FL 32202 3640; John W. Kozyak, Esq., Kozyak Tropin & Throckmorton, PA, a/f Bray/Gillespie, 2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134; Peter N. Hill, Esq., Attorney for Unsecured Creditors' Committee, Wolff, Hill, McFarlin & Herron, 1851 West Colonial Drive, Orlando, Florida 32804; Local Rule 1007-2 parties-in-interest list, as shown on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801 this 14th day of November 2008.

                                        /s/ Mariane L. Dorris
                                        Mariane L. Dorris, Esq.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Michael J. Lane
(212) 278-1588
mlane@andersonkill.com

May 30, 2006

## BY FACSIMILE AND FIRST CLASS MAIL

Harold W. Lueken, Esq.
General Counsel
Gray & Gillespie
600 North Atlantic Avenue
Daytona Beach, Florida 32118

Re: Lexington Insurance

Dear Harold:

The rules of the Appellate Divisions of the Supreme Court require that there be a written Letter of Engagement at the beginning of an attorney-client relationship.

This letter confirms that Bray & Gillespie ("B&G" or "you") wishes to retain our firm to represent you in connection with your dispute with Lexington Insurance (and, possibly others) in connection with losses B&G suffered in 2004, from property damage to various hotels you own caused by hurricanes.

The fees to be charged will be based on our firm's hourly rates. My normal hourly rate is $425 per hour. The rates of other attorneys in the firm range from $175 per hour to $700 per hour, depending on the seniority of the attorney. Paralegal rates are lower. We will bill you on a monthly basis for time charges and disbursements, and you agree to pay those bills promptly.

Disbursements consist of such items as long-distance telephone, facsimile, photocopy, messenger service, travel, lodging, secretarial overtime, obtaining copies of documents from governmental authorities, filing fees, recording charges, computerized legal research and other items of like import. We expect that you will either pay directly or reimburse us for such costs. If such costs may be calculated beforehand and appear to be substantial, we may ask you to advance us those sums before we expend them, or to reimburse the vendor directly.

**EXHIBIT "A"**

You also agree that we will have the right to terminate the engagement with you at any time upon reasonable advance notice, including without limitation, if our statements for professional services rendered and costs and expenses incurred are not paid promptly. You shall also have a right to terminate the engagement at any time.

In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator, a copy of which will be provided to you upon request.

If you agree to the terms of this retainer letter, kindly sign a copy of this letter below and return it to me by facsimile and in the enclosed stamped, self-addressed envelope.

Sincerely yours,

ANDERSON KILL & OLICK, P.C.

By: _____
Michael J. Lane

MJL:hvc

cc:    Records Department

Agreed to:

_____
Harold W. Lueken, Esq.
Bray & Gillespie

# DelValle Law Group

A Florida Professional Association
1100 North Main Street, Suite B
Kissimmee, Florida 34744
Telephone: 407-933-8778
Facsimile: 407-933-8874

W. Bruce DelValle, Esquire

E-Mail: delvallelawgroup@earthlink.net

March 28, 2008

VIA U.S. MAIL AND TELEFAX: 212-278-1733
Michael Lane, Esquire
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020

RE: Notice of Termination as Counsel.

Dear Mr. Lane:

As you are aware, I am outside counsel for Bray & Gillespie, LLC and its related entities. This letter memorializes today's telephone conference with you, Mr. Finley Harckham, Mr. Charles Bray, Mr. Joseph Gillespie, Mr. Stephen Nalley and me whereby it was decided that Anderson, Kill & Olick, P.C. is terminated as counsel and shall no longer represent: Bray & Gillespie, LLC, Bray & Gillespie, Inc., Bray & Gillespie V, LLC, Bray & Gillespie VII, LLC, Bray & Gillespie IX, LLC, Bray & Gillespie X, LLC, Bray & Gillespie Management, LLC, d/b/a Ocean Waters Management, Bray & Gillespie III Management, LLC, Bray & Gillespie Plaza, LLC, Bray & Gillespie La Playa, LLC and Bray & Gillespie Delaware, I, and any other related or affiliated entities you have represented in the past with similar or related ownership by Messrs. Charles A. Bray and/or Mr. Joseph G. Gillespie. Please consider this letter as formal notice to you and your firm to immediately cease and desist any further representation activities on behalf of the above-referenced entities, save the two (2) transition matters/letters that we subsequently discussed. Please be on notice that any other and further activities on behalf of my clients by you or your firm are not authorized and are at your or your firm's peril as regards payment of fees for those services and otherwise. Further, this letter confirms that my client reserves all rights as relates to any future or pending fee, cost and related billing disputes with you or your firm.

Additionally, this letter memorializes your agreement to provide to my clients hard copies of the complete legal files for all matters your firm has handled. As we discussed, it is understood that you will provide these documents in the form and manner as they are kept by your firm in the regular and customary course of its business, e.g., legal files. Additionally, the case file documents will be provided in digital format along with any and all client documents. This letter also memorializes your gracious agreement to accomplish those remaining tasks without further costs or fees to my clients.

Please do not hesitate to promptly advise me if the foregoing does not comport with your and Mr. Harckham's representations and agreement regarding same. Thank you for your anticipated prompt, professional and courteous consideration of these matters. Please do not hesitate to contact me if you have any questions regarding the foregoing. I regret that our opportunity to work with one another has arisen in the context of this unfortunate circumstance, but stand ready and willing to assist your firm in the smooth and professional transition that is required. Additionally, please accept my sincerest wishes to you and your firm for success and prosperity in all future endeavors.

Very truly yours,

W. Bruce DelValle

cc:   Mr. Charles A. Bray
      Mr. Joseph G. Gillespie
      Mr. Stephen L. Nalley
      Arthur D. Sims, III, Esquire

EXHIBIT "B"

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Certified Mail*                                                  April 10, 2008
 *Return Receipt Requested and E-mail*

W. Bruce DelValle, Esq.                      Scot M. Elder, Esq.
Deputy General Counsel                       Ocean Waters Management
Ocean Waters Management                      501 N Atlantic Ave
501 North Atlantic Avenue                    Daytona Beach, Fl 32118
Daytona Beach, Florida 32118

Re:   Outstanding Account Balance – Notice of Attorney's Lien

Dear Sirs:

Enclosed are copies of letters sent to opposition counsel in the various Gray & Gillespie litigations.  Please contact me with any questions regarding the same.

Very truly yours,

Jeffrey E. Glen

JEG:hvc
Enclosures

**COMPOSITE
EXHIBIT "C"**

NYDOCS1-890080.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Federal Express*                                      April 9, 2008

David O. Doyle, Esq.
J. Douglas Brown, III, Esq.
Gray Robinson, P.A.
301 E. Pine Street, Suite 1400
Orlando, Florida 32802-3068

> Re:  *Bray & Gillespie, Inc., et al. v. Citizens Property Ins. Corp, et al.,*
> Fla. 7th Jud. Cir. (Volusia Cty.), No. 2007-30913 CICI
> Outstanding Account Balance –Notice of Attorney's Lien

Dear Messrs. Doyle and Brown:

    Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action. B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

    Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action. In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

    Please act accordingly. If you have any questions in this regard, please contact the undersigned.

Very truly yours,

Jeffrey E. Glen

JEG:hvc

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Federal Express*                                              April 9, 2008

Kent Lambert, Esq.
Steven Griffith, Esq.
Amelia Koch, Esq.
Roy C. Cheatwood, Esq.
Baker Donelson Bearman Caldwell &
Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170

> Re: *Bray & Gillespie Management, LLC, et al v. Lexington Ins. Co., et al.,*
> M.D. Fla. (Orlando Div.), No. 6:07-cv-222-ORl-19 KRS
> <u>Outstanding Account Balance --Notice of Attorney's Lien</u>

Dear Mr. Henry:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

Very truly yours,

Jeffrey E. Glen

NYDOCS1-889730.1

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

<u>By Federal Express</u>                                      April 9, 2008

Eric Caugh, Esq.
Lindsey A. Davis, Esq.
Zelle, Hofmann, Voelbel, Mason & Gette, LLP
500 Washington Ave., South, Suite 4000
Minneapolis, MN 55415

    Re: *Bray & Gillespie Management, LLC, et al v. Lexington Ins. Co., et al.,*
       M.D. Fla. (Orlando Div.), No. 6:07-cv-222-ORl-19 KRS
       <u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Messrs. Caugh and Davis:

    Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action. B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

    Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action. In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

    Please act accordingly. If you have any questions in this regard, please contact the undersigned.

                Very truly yours,

                Jeffrey E. Glen

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

_By Federal Express_                                    April 9, 2008

Carl Motes, Esq.
Arnold, Matheny & Eagen, P.A.
605 E. Robinson Street, Suite 730
Orlando, FL  32801

Re: _Bray & Gillespie Management, LLC, et al v. Lexington Ins. Co., et al._,
M.D. Fla. (Orlando Div.), No. 6:07-cv-222-ORI-19 KRS
Outstanding Account Balance –Notice of Attorney's Lien

Dear Mr. Motes:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action. B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action. In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

Please act accordingly. If you have any questions in this regard, please contact the undersigned.

Very truly yours,

Jeffrey E. Glen

JEG:hvc

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Federal Express*                                              April 9, 2008

Steven Brodie, Esq.
Dan Brown, Esq.
Michael Shafir, Esq.
Carlton Fields, P.A.
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114

Re: *Bray & Gillespie Management, LLC, et al v. Lexington Ins. Co., et al.,*
   M.D. Fla. (Orlando Div.), No. 6:07-cv-222-ORI-19 KRS
   Outstanding Account Balance –Notice of Attorney's Lien

Dear Messrs. Brodie, Brown and Shafir:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

Very truly yours,

Jeffrey E. Glen

NYDOCS1-889730.1

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

<u>By Federal Express</u>

April 9, 2008

Wayne Taylor, Esq.
Ruth Pawlak, Esq.
Mozley, Finlayson & Loggins LLP
One Premier Plaza – Suite 900
5605 Glenridge Drive
Atlanta, GA 30342

Re: *Bray & Gillespie IX, LLC v. The Hartford Fire Ins. Co., et al.*,
M.D. Fla. (Orlando Div.), No. 6:07-cv-326-ORL-31 KRS
<u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Messrs. Taylor and Pawlak:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action. B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action. In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

Please act accordingly. If you have any questions in this regard, please contact the undersigned.

Very truly yours,

Jeffrey E. Glen

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Federal Express*                                          April 9, 2008

Janet L. Brown, Esq.
Boehm, Brown, Fischer, Harwood, Kelly &
Scheihing, P.A.
101 Southhall Lane, Suite 375
Maitland, Florida 32751

> Re:  *Bray & Gillespie IX, LLC v. The Hartford Fire Ins. Co., et al.,*
> M.D. Fla. (Orlando Div.), No. 6:07-cv-326-ORL-31 KRS
> Outstanding Account Balance –Notice of Attorney's Lien

Dear Ms. Brown:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

Very truly yours,

Jeffrey E. Glen

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

_By Federal Express_                                                    April 9, 2008

Gerald Albrecht, Esq.
David Shaw, Esq.
Butler, Pappas, Weihmuller, Katz, Craig, LLP
One Harbour Place, Suite 500
777 South Harbour Island Boulevard
Tampa, Florida 33602

      Re:   _Bray & Gillespie IX, LLC v. The Hartford Fire Ins. Co., et al.,_
             _M.D. Fla. (Orlando Div.), No. 6:07-cv-326-ORL-31 KRS_
             <u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Messrs. Albrecht and Shaw:

      Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

      Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

      Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

                    Very truly yours,

                    Jeffrey E. Glen

NYDOCS1-889730.1

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

_By Federal Express_                                           April 9, 2008

David Henry, Esq.
Allen Dyer Doppelt Milbrath & Gilchrist, P.A.
255 South Orange Avenue
Suite 1401
Orlando, Florida 32801

Re:   _Bray & Gillespie, Inc., et al. v. Citizens Property Ins. Corp, et al.,_
       _Fla. 7th Jud. Cir. (Volusia Cty.), No. 2007-30913 CICI_
       Outstanding Account Balance –Notice of Attorney's Lien

Dear Mr. Henry:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

Very truly yours,

Jeffrey E. Glen

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

<u>*By Federal Express*</u>                                   April 9, 2008

Marvin P. Pastel, Esq.
Weinstock & Scavo, P.C.
3405 Piedmont Rd., N.E., Suite 300
Atlanta, GA  30305

Re:   *Bray & Gillespie Management, LLC, et al v. Lexington Ins. Co., et al.,*
      M.D. Fla. (Orlando Div.), No. 6:07-cv-222-ORI-19 KRS
      <u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Mr. Pastel:

        Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action.  B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

        Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action.  In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

        Please act accordingly.  If you have any questions in this regard, please contact the undersigned.

                              Very truly yours,

                              Jeffrey E. Glen

JEG:hvc

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

*By Federal Express*

April 9, 2008

Marvin P. Pastel, Esq.
Weinstock & Scavo, P.C.
3405 Piedmont Rd., N.E., Suite 300
Atlanta, GA 30305

Michelle L. Coakley, Esq.
Patrice S. Arend, Esq.
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214

Re: *Belfor USA Group, Inc. v. Bray & Gillespie Mgmt., LLC, et al.,*
M.D. Fla. (Orlando Div.), No. 6:05-cv-1624-ORl-19 UAM
<u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Messrs. Pastel, Coakley and Arend:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO") represented one or more Bray & Gillespie entities ("B&G") in connection with the above-referenced action. B&G has failed to pay AKO in full for its legal services rendered and expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and common law liens with respect to funds that may be paid to B&G in connection with the above-referenced action. In particular, pursuant to Section 475 of the New York Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of action, including any funds to be paid to B&G pursuant to any settlement related to such claims and causes of action.

Please act accordingly. If you have any questions in this regard, please contact the undersigned.

Very truly yours,

Jeffrey E. Glen

JEG:hvc

NYDOCS1-889730.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jeffrey E. Glen, Esq.
jglen@andersonkill.com
(212) 278-1009

_By Federal Express_                                      April 9, 2008

Marvin P. Pastel, Esq.                    Michelle L. Coakley, Esq.
Weinstock & Scavo, P.C.                   Patrice S. Arend, Esq.
3405 Piedmont Rd., N.E., Suite 300        Jaffe, Raitt, Heuer & Weiss, P.C.
Atlanta, GA 30305                         27777 Franklin Road, Suite 2500
                                          Southfield, Michigan 48034-8214

Re:  _Belfor USA Group, Inc. v. Bray & Gillespie, LLC, et al.,_
     Fla. 7th Jud. Civ. (Volusia Cty.),
     <u>Outstanding Account Balance –Notice of Attorney's Lien</u>

Dear Messrs. Pastel, Coakley and Arend:

Until recently, the law firm of Anderson Kill & Olick, P.C. ("AKO")
represented one or more Bray & Gillespie entities ("B&G") in connection with the above-
referenced action. B&G has failed to pay AKO in full for its legal services rendered and
expenses incurred in the course of this representation.

Please be advised that AKO asserts any and all available statutory and
common law liens with respect to funds that may be paid to B&G in connection with the
above-referenced action. In particular, pursuant to Section 475 of the New York
Judiciary Law, AKO has a statutory attorneys' lien against B&G's claims and causes of
action, including any funds to be paid to B&G pursuant to any settlement related to such
claims and causes of action.

Please act accordingly. If you have any questions in this regard, please
contact the undersigned.

Very truly yours,

Jeffrey E. Glen

JEG:hvc

NYDOCS1-889730.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ANDERSON KILL & OLICK, P.C.,                      :

                              Plaintiff,          :

        -against-                                 :

BRAY & GILLESPIE, INC., BRAY &                    :
GILLESPIE MANAGEMENT, LLC,                        :
CHARLES A. BRAY, and JOSEPH GILLESPIE,            :

                              Defendants.         :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/08

**ORDER**

08 Civ. 4565 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This Court having been advised that a petition for protection under the bankruptcy

laws has been filed with respect to defendants Bray & Gillespie, Inc. and Bray & Gillespie

Management, LLC in the United States Bankruptcy Court for the Middle District of Florida;

        Pursuant to the automatic stay provisions of 11 U.S.C. § 362(a);

        This action is stayed for 90 days, that is, until January 23, 2009, and then shall be

dismissed by the Clerk for want of prosecution, see Fed. R. Civ. P. 41(b), without further notice

to the parties, unless plaintiff, before such date, (i) files a representation that plaintiff has either

obtained leave of the bankruptcy court to proceed with this action, in which case the stay shall be

lifted and the action may proceed in normal course; (ii) files a representation that a motion for

such leave is pending with the bankruptcy court, in which case this action will be stayed for 30

further days and then be either dismissed or prosecuted; or (iii) makes a motion in this Court to

obtain an enlargement of time, upon showing of cause, in order to seek such leave.

        SO ORDERED.

Dated:        New York, New York
              October 24, 2008

                                              ALVIN K. HELLERSTEIN
                                              United States District Judge

**EXHIBIT "D"**

Label Matrix for local noticing
113A-3
Case 3:08-bk-05473-JAF
Middle District of Florida
Jacksonville
Fri Nov 14 14:30:25 EST 2008

Allegiance Security Group, LLC
c/o Kimberly H. Israel, Esq.
6320 St. Augustine Road, Suite 2
Jacksonville, FL 32217-2813

Anderson Kill & Olick P.C.
c/o Jeffrey E. Glen, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182

Arbor Realty Funding, LLC
c/o P. Bradley O'Neill, Esq.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, New York 10036-2714

Arbor Realty Mortgage Securities Series 2004
c/o P. Bradley O'Neill, Esq.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, New York 10036-2714

Arbor Realty Mortgage Securities Seris 2006-
c/o P. Bradley O'Neill, Esq.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, New York 10036-2714

Arbor Realty Participation LLC
c/o Jason B. Burnett
GrayRobinson, P.A.
50 North Laura Street - Suite 1100
Jacksonville, Florida 32202-3611

Arbor Realty Participation, LLC
c/o P. Bradley O'Neill, Esq.
Kramer Levin Naftalis & Frankel
1177 Avenue of the Americas
New York, New York 10036-2714

B&E Fire Safety Equipment
c/o Michael Bobik
1927 N Main Street
Kissimmee, FL 34744-3312

Belfor USA Group
c/o Marvin P. Pastel II, Esq.
Weinstock & Scavo PC
3405 Piedmont Road #300
Atlanta, GA 30305-1728

Belfor USA Group, Inc.
c/o Eric Linden, Esq.
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034-8214

Best Western Intern'l Inc
Attn: Mbrship Admin
6201 North 24th Pkwy
Phoenix, AZ 85016-2023

Boies Schiller & Flexner LLP
2200 Corporate Boulevard
Suite 400
Boca Raton, FL 33431-7307

Bryan Cave LLP
General Post Office
P.o.box 30491
New York, NY 10087-0491

Bryan Cave LLP
c/o Michelle McMahon
1290 Avenue of the Americas
New York, NY 10104-0101

Cheney Brothers Inc.
2801 W. Silver Springs Blvd.
Ocala, FL 34475-5655

Cobb & Cole
150 Magnolia Ave.
Daytona Beach, FL 32114-4346

Colonial Bank, NA
c/o Roger A. Kelly
PO Box 3146
Orlando, FL 32802-3146

Crescent Real Estate Capital, L.P.
c/o Robert T. Hyde, Jr.
Rogers Towers, P.A.
1301 Riverplace Blvd., Suite 1500
Jacksonville, FL 32207-1811

D-Zee Textiles LLC
c/o Mohammad Zafar Iqbal
4725 Lakeland Commerce Pkwy
#16
Lakeland, FL 33805-7666

DBFLA Services, LLC
c/o Robert T. Hyde, Jr.
Rogers Towers, P.A.
1301 Riverplace Blvd.
Jacksonville, FL 32207-1811

ELCO Landmark Holdings, LLC
c/o Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 South Biscayne Blvd., Suite 1000
Miami, FL 33131-5319

ELCO Landmark Holdings, LLC
Brian K. Gart, Esq.
Berger Singerman, P.A.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301-4215

Fieldstone Lester Shear and
Denberg
201 Alhambra Cir Ste 601
Coral Gables, FL 33134-5199

Florida Power and Light
General Mail Facility
PO. Box 025576
Miami, FL 33102-5576

Florida Supply & Cleaning Inc.
c/o Joe Sfera
1710 Industrial St.
Edgewater, FL 32132-3561

General Elevator Sales &
Service Inc.
PO Box 550807
Tampa, FL 33655-0807

ING Clarion Capital Loan Services
c/o Alan M. Weiss
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202-3622

Janet Williams
C/O Sheryl S. Zust, Esq.
4649 Clyde Morris Blvd., Ste 610
Port Orange, FL 32129-3003

Jim Macon Building Cont
662 Highland Drive
Altamonte Springs, FL 32701-5410

John Dozier
c/o Rehan N. Khawaja, Esquire
817 N. Main Street
Jacksonville, Florida 32202-3028

Kinsey, Vincent & Pyle
150 South Palmetto Ave.
Ste. 300
Daytona Beach, FL 32114-4382

LNR Partners, Inc., as special servicer
LaSalle Bank Nat'l for GCCFC
c/o Jeffrey I. Snyder, Esq.
200 S. Biscayne Blvd., Ste 2500
Miami, FL 33131-5340

Mercantile Bank
c/o John T. Rogerson, III, Esq.
501 Riverside Avenue, 7th Floor
Jacksonville, FL 32202-4934

Michael Coker
c/o Rehan N. Khawaja, Esquire
817 N. Main Street
Jacksonville, Florida 32202-3028

Mohan Bhoola
45 Seton Trail
Ormond Beach, FL 32176-6524

Ormond Beach Partners II, LLC
c/o Barry P. Gruher
Genovese Joblove & Battista P.A.
200 East Broward Blvd., Ste 1110
Fort Lauderdale, FL 33301-3535

Pepper Hamilton, LLP
c/o M. Duncan Grant, Esq
3000 Two Logan Square
Eighteenth and Streets
Philadelphia, PA 19103-2799

Property Consulting
c/o James I. Hanskat
1304 East Atlantic Blvd.
Pompano Beach, FL 33060-6745

RAIT Partnership, L.P.
c/o W. Keith Fendrick, Esq.
100 N. Tampa St., Ste. 2700
Tampa, FL 33602-5810

Reed Smith LLP
PO Box 777-W4055
Philadelphia, PA 19175-0001

Richard Wilkes
12120 Intern'l Drive
5th Floor
Orlando, FL 32821

Roadway Investment Partners
201 Alhambra Circle
Suite 601
Miami, FL 33134-5199

Rodeway Investment Partners LLC
c/o Barry P. Gruher
Genovese Joblove & Battista P.A.
200 East Broward Blvd., Ste 1110
Fort Lauderdale, FL 33301-3535

Southeastern Surveying
6500 All American Blvd
Orlando, FL 32810-4350

Super 8 Worldwide, Inc.
c/o David S. Catuogno, Esq.
80 Route 4 East, Ste. 290
Paramus, NJ 07652-2661

Terrylyn Came
c/o Chad Dean
118 W. Adams St., #800
Jacksonville,FL 32202-3866

The Park Avenue Bank
c/o Theresa M. Kenny/Michael Bowlus
10110 San Jose Blvd.
Jacksonville, FL 32257-5838

The Park Avenue Bank
c/o John Rogerson, III
501 Riverside Avenue, 7th Floor
Jacksonville, FL 32202-4934

The Plant People
c/o Vicky Trainer
PO Box 2525
Daytona Beach, FL 32115-2525

Wachovia Bank, N.A.
c/o James H. Post, Esq.
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202-4494

Wells Fargo Bank, N.A.
LaSalle Bank National Association
Roy S. Kobert, P.A.
P.O. Box 4961
Orlando, FL 32802-4961

Zurich, N.A.
Alberta L. Adams, Esq.
Mills Paskert Divers
100 N. Tampa Street, Suite 2010
Tampa, FL 33602-5145

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Allegiance Security Group, LLC           End of Label Matrix
c/o Kimberly H. Israel, Esq.                Mailable recipients    54
6320 St. Augustine Road, Suite 2            Bypassed recipients     1
Jacksonville, FL 32217-2813                 Total                  55
```