# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| **In re** | **CHAPTER 11** |
| **BRAY & GILLESPIE MANAGEMENT, LLC, et al** | **CASE NO.: 3:08-bk-05473-JAF** |
| Debtors._____/ | Jointly-Administered with cases no. 3:08-bk-05474 through 3:08-bk-05551 |
| **APPLICABLE DEBTOR:** | |
| **BRAY & GILLESPIE HOLDINGS, LLC** (Case No. 3:08-BK-05482-JAF)_____/ | |

## DEBTOR'S RESPONSE TO CRESCENT REAL ESTATE CAPITAL, L.P.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND INCORPORATED MEMORANDUM OF LAW

**BRAY & GILLESPIE HOLDINGS, LLC** ("B&G Holdings"), and all of its affiliates and related entities, which are also debtors and debtors-in-possession (collectively, hereinafter referred to as the "Debtors"), hereby file this response, pursuant to 11 U.S.C. §362(d), to Crescent Real Estate Capital, L.P.'s ("Crescent") Motion for Relief from the Automatic Stay ("Stay Relief Motion"), filed with the Court on December 8, 2008 (Doc. No. 447), and in support therefore states as follows:

1. On September 12, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). The Debtors continue to operate their respective businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the

Bankruptcy Code. No trustee or examiner has been requested or appointed in any of the Debtors' chapter 11 cases.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. In the Stay Relief Motion, Crescent requests relief from the automatic stay to foreclose on the limited liability company interests and governance rights ("Collateral") of the following Debtors: (i) Bray & Gillespie Plaza, LLC, d/b/a The Plaza Resort & Spa; (ii) Bray & Gillespie LLC XV, d/b/a Mayan Inn; (iii) Bray & Gillespie LLC XIV, d/b/a Conch House; (iv) Bray & Gillespie La Playa LLC, d/b/a La Playa Resort and Suites; (v) Bray & Gillespie LLC V, d/b/a The Plaza Ocean Club; and (vi) Bray & Gillespie LLC VI, d/b/a Acapulco Hotel and Resort (collectively, the "Six-Pack Debtors"). The Stay Relief Motion alleges the following as "cause" to lift the automatic stay: (i) the Debtors have no equity in the Collateral; (ii) the Collateral is not necessary for an effective reorganization; (iii) Crescent will not vote for any proposed plan of reorganization which would impair its claim, and Crescent cannot be "crammed-down"; and (iv) the Debtors cannot propose a feasible plan of reorganization.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural Background

4. Pursuant to this Court's order dated, October 1, 2008, the Bankruptcy Cases have been consolidated for procedural purposes and are being jointly administered by the Court. (Doc. No. 48).

5. On January 9, 2009, the Debtors filed a Joint Disclosure Statement ("Disclosure Statement") pursuant to the requirements of §1125 of the Bankruptcy Code and a Joint Plan of Reorganization ("Plan"), pursuant to Chapter 11 of the Bankruptcy Code. (Doc. Nos. 690 and 691). Copies of the Disclosure Statement and Plan are attached to the original of this motion as **Exhibits** "**A**" and "**B**" respectively, and are available upon request.

6. Pursuant to 11 U.S.C. §1121, the exclusivity period of the Debtors to file a plan of reorganization has been extended until March 10, 2009. The Court has scheduled the Disclosure Statement hearing for March 23, 2009. As such, the Debtors anticipate filing a motion, pursuant to 11 U.S.C. §1121(d), to increase the 180-day period.

7. The Plan contemplates the substantive consolidation of the Bankruptcy Cases into a single Case, as such, the Plan contains only one (1) Class of Unsecured Claims. The Debtors anticipate that the Confirmation Order would provide that on the Confirmation Date: (i) all assets and all proceeds thereof, and all liabilities of the five reorganized debtors (collectively, the "Reorganized Debtors") would be treated as though the assets and liabilities were merged into the respective Reorganized Debtors (B&G Liquidating Trust, Holding Co., Management Co., Arbor Co., LNR Co., Land Co., and Hotel Co.); (ii) all Allowed Claims and Claims among the Reorganized Debtors (Intercompany Claims) would receive no distribution under the Plan; (iii) any obligation of any Reorganized Debtor, and all guarantees thereof executed by one or more of the Reorganized Debtors, and any Claims in a case of a proponent hereof, filed or to be filed in connection with any such obligation and guarantee would be deemed one Claim against the respective Reorganized Debtor; (iv) each and every Claim filed in the individual Chapter 11 Case of any of the Reorganized

3

Debtors would be deemed filed against the respective Reorganized Debtor; and (v) for purposes of determining the availability of the right of set-off under Section 553 of the Bankruptcy Code, the respective Reorganized Debtor would be treated for purposes of the Plan as one entity so that, subject to the other provisions of Section 553 of the Bankruptcy Code, debts due to any of the respective Reorganized Debtors would be capably of being setoff against the debts of any of the Reorganized Debtors.

8. On January 26, 2009, the Debtors filed a Motion to Substantively Consolidate Chapter 11 Cases and Incorporated Memorandum of Law ("Substantive Consolidation Motion") (Doc. No. 793). The Court has scheduled the Substantive Consolidation Motion for final evidentiary hearing on March 20, 2009 at 9:30 a.m. A copy of the Substantive Consolidation Motion is attached to the original of this motion as **Exhibit** "**C**", and is available upon request.

9. Notwithstanding the treatment provided for in the Plan, the Debtors assert that the Bankruptcy Cases can be consolidated into a single Reorganized Debtor, rather than the six aforementioned Reorganized Debtors. However, as an accommodation to those Secured Lenders whose loan is part of a "collateralized debt obligation" ("CDO"), the Debtors are willing to separately consolidate the loans on the Debtors' real property by lender, if the lender votes for the Plan and otherwise supports substantive consolidation of the Debtors.

10. In addition to the continuation of the exclusivity period, the filing of the Plan and the Substantive Consolidation Motion, the Debtors have reached agreements on the final use of cash collateral with the following secured lenders through May 29, 2009: (i) Wachovia Bank; (ii) Arbor Realty Participation LLC; (iii) RAIT CRE CDO I, Ltd.; (iv)

Marshall Investment Corporation; (v) Bank First; (vi) Wells Fargo Bank, N.A.; (vii) Federal Trust Bank; (viii) ING Clarion, as special servicer for Wells Fargo Bank, N.A., as Trustee for Registered Holders of Goldman Sachs Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2006-GG6; (ix) First National Bank of Pennsylvania; (x) LNR Partners, Inc., as special servicer for La Salle Bank National Association, as Trustee for the Registered Holders of Greenwich Capital Commercial Funding Corp., Commercial Mortgage Trust 2006-GG7, Commercial Mortgage Pass-Through Certificates, Series 2006-GG7 ("LNR"); and (xi) The Park Avenue Bank.

### B. The Debtors' Business

11. Since 1988, the Debtors have been engaged in the business of renovating and redeveloping resort properties along Florida's Atlantic coastline. As of the Petition Date, the Debtors collectively own over one mile of ocean property from Daytona Beach to Ormond Beach. The property consists of numerous hotels, residential and commercial property.

12. Bray & Gillespie Management, L.L.C. ("B&G Management") operates a total of twenty-four (24) hotels located in Volusia County which are either affiliates or related companies. Additionally, B&G Management, manages seven (7) other entities (related or affiliated) which own income producing property. Finally, certain affiliated or related parties own twenty-six (26) other non-income producing parcels or real property located throughout Volusia County.

13. Overall, Debtor and the affiliated and related entities are the largest land owner in Volusia County and employ approximately 560 people.

14. Over the past ten years, the Debtors have assembled a portfolio of direct oceanfront property, which arguably contains one of the largest oceanfront as-of-right developments in the United States. Collectively, the portfolio provides the opportunity to develop more than 18 million plus square feet of gross building area directly on more than 1.65 miles of oceanfront land and .37 miles of land across the street from the ocean. The portfolio currently includes 24 operating hotels, and a total of 61 properties, which sit on approximately two miles of direct oceanfront property.

15. Of the twenty-four (24) operating hotels, the Six-Pack Debtors constitute the "Flag Ships" of the Debtors' portfolio. Furthermore, the excess cash-flow from the Six-Pack Debtors has historically been used to fund the operating shortfalls of the other properties in the portfolio, and such operating cash-flow will be integral to the Reorganized Debtor.

## II. ARGUMENT AND MEMORANDUM OF LAW

16. Under 11 U.S.C. §362(d)(2) a court shall grant relief from the automatic stay if a creditor shows that a debtor **lacks equity** in the property and debtor fails to show that the property is **necessary for an effective reorganization**. If a party moving for relief from stay under §362(d)(2) shows that a debtor has no equity in the collateral at issue, the burden then shifts to a debtor to show that the collateral is necessary to an effective reorganization. See 11 U.S.C. §362(g).

17. However, "where a creditor seeks to convince a court to dismiss a case on the grounds that continuation of the statutory confirmation process is futile, **the burden rests on a moving creditor to show futility by a preponderance. It is the moving creditor that**

**possesses the evidence of the alleged inevitable rejection of a plan-generally, the size of its claim and its resolve to vote against any plan… commonsense dictates that a debtor should not be forced to prove that a creditor's statement of intent to vote against a plan is false."** In re Annicott Excellence, LLC, 258 B.R. 278, 283-284 (Bankr. M.D. Fla. 2001). Accordingly, the moving creditor needs to prove by a preponderance of the evidence that it could block confirmation of any plan of reorganization. See Id., at 284-285.

18. The appropriate test for determining whether collateral is "necessary to an effective reorganization" is (i) whether the collateral is, in fact, necessary to the debtor's reorganization efforts; and (ii) there is a reasonable possibility of a successful reorganization within a reasonable time. Farm Credit of Central Florida, ACA v. Polk, 160 B.R. 870, 874 (M.D. Fla. 1993).

19. There are two distinct lines of authority which have been employed by courts in determining whether the collateral is necessary to the debtors' reorganization efforts. Under the liberal approach, property is necessary to a debtor's efforts at reorganization whenever it will contribute to it or where it has a role to play in those efforts. In re Greiman, 45 B.R. 574, 580 (Bankr. N.D. Iowa 1984); In re Saypol, 31 B.R. 796, 803 (Bankr. S.D.N.Y. 1983); LaJolla Mortgage Fund v. Rancho el Cajon Associates, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982). A separate line of authority adopts a stricter view of the statute and imbues "necessary" with a more traditional meaning of critical, essential, or indispensable. In re Hutton, 45 B.R. 558, 561 (Bankr. D.N.D. 1984); In re Gregory, 39 B.R. 405, 411 (Bankr. M.D. Tenn. 1984); In re Amarex, 30 B.R. 763, 766-767 (Bankr. W.D. Ok. 1983).

20. Creditors moving for relief from stay generally argue that the debtor's plan of reorganization is not feasible or the debtor cannot obtain confirmation of its plan, regardless of whether the plan is feasible. See In re Annicott Excellence, LLC, 258 B.R. at 284. "If no reorganization of the debtor is feasible, then no property of the debtor can be necessary for that end." Resolution Trust Corp. v. Swedeland Development Group Inc., 16 F.552, 567 (3d Cir. 1994). Similarly, if a debtor cannot obtain confirmation of its plan of reorganization, then an effective reorganization is not "in prospect." See id. Unless the proposed plan is patently unconfirmable or clearly unfeasible, the debtor should be permitted to attempt to achieve confirmation. United Savings Ass'n v. Timbers of Inwood Forest Associates Ltd., 484 U.S. at 523, 525.

21. In order for a debtor to satisfy a court that there is a reasonable possibility of a successful reorganization within a reasonable time, a debtor must show that an effective reorganization is "in prospect." See Id. (citing United Savings Ass'n v. Timbers of Inwood Forest Associates Ltd., 484 U.S. 365, 374, 108 S. Ct. 626, 98 L.Ed 2d 740 (1988)). A debtor must do more than merely show that there is conceivably a possibility of reorganization. See Id. (citing United Savings Ass'n v. Timbers of Inwood Forest Associates Ltd., 484 U.S. 365, 375, 108 S. Ct. 626, 98 L.Ed 2d 740 (1988)). A debtor must also make a showing that an effective reorganization is reasonably possible within a reasonable time. See Id. (citing United Savings Ass'n v. Timbers of Inwood Forest Associates Ltd., 484 U.S. 365, 376, 108 S. Ct. 626, 98 L.Ed 2d 740 (1988)).

22. The concept of a reasonable possibility of a successful reorganization within a reasonable time "has different meanings depending on the stage of the proceeding." In re

Ashgrove Apartments of Dekalb County, 121 B.R. 752, 756 (Bankr. S.D. Ohio 1990). Thus, assuming the case is in its initial stages prior to the first confirmation hearing, so long as the debtors files a proposed plan that is not patently unconfirmable and begins moving meaningfully to reorganization, §362(d)(2) is not a remedy for the creditor. See In re Creekstone Apartments Associates, L.P., 168 B.R. 639, 643 (Bankr. M.D. Tenn. 1994). "In fact, in the early stages, the relief from stay motion can be denied without the debtor ever filing a proposed plan. The debtor merely must demonstrate a reasonable probability that it can propose a successful plan at some reasonable time in the future." Id.

### A. The Collateral is Necessary.

23. In the instant case, the Collateral and Six-Pack Debtors are necessary to the Debtors' reorganization efforts. The Debtors' Plan is premised upon the substantive consolidation and overall management and operation of all of the properties in the portfolio. The Collateral and Six-Pack Debtors are an indispensable element of the Ocean Waters brand name.

24. The Six-Pack Debtors provide amenities, such as the spa at the Plaza Resort, to the overflow properties which would not otherwise be available to the other eighteen hotels. As "Flag-Ships", the Six-Pack Debtors increase the visibility and stature of the overflow properties and provide a captive market for reservations and bookings.

25. Furthermore, the excess cash-flow from the Six-Pack Debtors has historically been used to fund the operating shortfalls of the other properties in the portfolio, and such operating cash-flow will be integral to the Reorganized Debtor.

### B. There is a reasonable possibility of a successful reorganization within a reasonable time.

26. In the instant case, the Debtors have filed a Plan and Substantive Consolidation Motion. The Debtors have been diligently working with the secured lenders and have reached agreements for the use of cash collateral through May 29, 2009. The exclusivity period is still in place and the Debtors anticipate being at a final evidentiary hearing on the Substantive Consolidation Motion by March 20, 2009.

27. The Debtors have also requested the Court compel the secured lenders and the Debtors to mediation with regard to the Substantive Consolidation Motion. The Debtors believe that the issues raised in the Substantive Consolidation Motion are likely to be resolved at mediation. Furthermore, some of the secured lenders have already indicated a willingness to support the Substantive Consolidation Motion and the Plan.

28. Crescent cannot prove by a preponderance of the evidence that it has the ability to block confirmation. Crescent cannot demonstrate that the Plan is patently unconfirmable or clearly unfeasible. Crescent does not have the ability to prevent a "cram-down", and may not even have the ability to vote for or against the Plan based upon an Intercreditor Agreement.

29. These cases are in the early stages and should not be thwarted by Crescent's attempt to take over managerial control of the Six-Pack Debtors, without regard to the creditors of the those Debtors or to all the creditors of all of the Debtors.

30. Moreover, Crescent has admitted that the value of its collateral is zero. As such, the continuation of the stay cannot possibly cause a deterioration of its secured interest.

### III. CONCLUSION: STAY RELIEF SHOULD BE DENIED

31. In conclusion, the Stay Relief Motion should be denied. The Collateral and the Six-Pack Debtors are necessary for an effective reorganization. Crescent cannot demonstrate that it could block confirmation of any plan of reorganization. Furthermore, due to the early stages of these cases, the Debtors should be afforded the time and opportunity to propose a plan and move meaningfully toward reorganization.

**WHEREFORE**, Bray & Gillespie Holdings, LLC respectfully requests this Court enter an Order denying Crescent Real Estate Capital, L.P.'s Motion for Relief from the Automatic Stay, and for such other and further relief as the Court deems just and proper in the circumstances.

**RESPECTFULLY SUBMITTED** this 30th day of January 2009.

/s/ Mariane L. Dorris
Mariane L. Dorris
Florida Bar No. 0173665
R. Scott Shuker
Florida Bar No. 984469
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P.O. Box 3353 (32802-3353)
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | CASE NO. 3:08-bk-05473-JAF |
| **BRAY & GILLESPIE MANAGEMENT, LLC, et al** | CHAPTER 11 |
| Debtors_____/ | Jointly-Administered with cases no. 3:08-bk-05474 through 3:08-bk-05551 |
| **APPLICABLE DEBTOR:** **BRAY & GILLESPIE HOLDINGS, LLC** (Case No. 3:08-BK-05482-JAF)_____/ | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the **DEBTOR'S RESPONSE TO CRESCENT REAL ESTATE CAPITAL, L.P.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, together with any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Patrick Potter, Esq., attorney for Crescent Real Estate Capital, L.P., Pillsbury Winthrop Shaw Pittman LLP, 2300 N Street, N.W., Washington, D.C.; and Peter N. Hill, Esq., Attorney for Unsecured Creditors' Committee, Wolff, Hill, McFarlin & Herron, 1851 West Colonial Drive, Orlando, Florida 32804; a true copy of the **DEBTOR'S RESPONSE TO CRESCENT REAL ESTATE CAPITAL, L.P.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, without any exhibits, has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Bray & Gillespie Management, LLC, Attn: Joseph G. Gillespie, 600 North Atlantic Ave., Daytona Beach, FL 32118; Bruce DelValle, General Counsel, and Erin Thompson, Associate General Counsel, Ocean Waters Management, 501 North Atlantic Avenue, Daytona Beach, FL 32118; John B. MacDonald, Akerman, Senterfitt & Eidson, P.A., 50 North Laura Street, Suite 2500 Jacksonville, FL 32202 3640; John W. Kozyak, Esq., Kozyak Tropin & Throckmorton, PA, a/f Bray/Gillespie, 2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134; Local Rule 1007-2 parties-in-interest list, as shown on the matrix attached to the original of this motion filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801 this 30th day of January 2009.

/s/ Mariane L. Dorris
Mariane L. Dorris, Esq.

12

```
Label Matrix for local noticing          Alberta L. Adams                          Beatriz Agramonte
113A-3                                   Mills Paskert Divers PA                   18305 Biscayne Blvd
Case 3:08-bk-05473-JAF                   100 N Tampa Street                        Suite 400
Middle District of Florida               Suite 2010                                Aventura, FL 33160-2172
Jacksonville                             Tampa, FL 33602-5145
Fri Jan 30 15:47:44 EST 2009

Akerman Senterfitt                       Allegiance Security Group                 Allegiance Security Group, LLC
PO Box 4906                              Po Box 890983                             c/o Kimberly H. Israel, Esq.
Orlando, FL 32802-4906                   Charlotte, NC 28289-0983                  6320 St. Augustine Road, Suite 2
                                                                                   Jacksonville, FL 32217-2813


Elizabeth J Anderson                     Anderson Kill & Olick P.C.                Arbor Realty Funding, LLC
Graham Builder Jones Pratt & Marks       c/o Jeffrey E. Glen, Esq.                 c/o P. Bradley O'Neill, Esq.
369 North New York Avenue                1251 Avenue of the Americas               Kramer Levin Naftalis & Frankel
3rd Floor                                New York, NY 10020-1182                   1177 Avenue of the Americas
Winter Park, FL 32789-3124                                                         New York, New York 10036-2714

Arbor Realty Mortgage Securities Series 2004   Arbor Realty Mortgage Securities Seris 2006-   Arbor Realty Participation LLC
c/o P. Bradley O'Neill, Esq.             c/o P. Bradley O'Neill, Esq.              c/o Jason B. Burnett
Kramer Levin Naftalis & Frankel          Kramer Levin Naftalis & Frankel           GrayRobinson, P.A.
1177 Avenue of the Americas              1177 Avenue of the Americas               50 North Laura Street - Suite 1100
New York, New York 10036-2714            New York, New York 10036-2714             Jacksonville, Florida 32202-3611

Arbor Realty Participation, LLC          B&E Fire Safety Equipment                 BOIES, SCHILLER & FLEXNER LLP
c/o P. Bradley O'Neill, Esq.             c/o Michael Bobik                         Karen C. Dyer, Esq.
Kramer Levin Naftalis & Frankel          1927 N Main Street                        Robert M. Norway, Esq.
1177 Avenue of the Americas              Kissimmee, FL 34744-3312                  121 South Orange Avenue, Suite 840
New York, New York 10036-2714                                                      Orlando, Florida 32801-3233

Belfor USA Group                         Belfor USA Group, Inc.                    Best Western Intern'l Inc
c/o Marvin P. Pastel II, Esq.            c/o Eric Linden, Esq.                     Attn:  Mbrship Admin
Weinstock & Scavo PC                     Jaffe, Raitt, Heuer & Weiss, P.C.         6201 North 24th Pkwy
3405 Piedmont Road #300                  27777 Franklin Rd., Ste. 2500             Phoenix, AZ 85016-2023
Atlanta, GA 30305-1728                   Southfield, MI 48034-8214

Boies Schiller & Flexner LLP             Michael T. Bowlus                         Bryan Cave LLP
2200 Corporate Boulevard                 Ford, Bowlus, et al.                      General Post Office
Suite 400                                10110 San Jose Blvd.                      P.o.box 30491
Boca Raton, FL 33431-7307                Jacksonville, FL 32257-5838               New York, NY 10087-0491

Bryan Cave LLP                           Jason B. Burnett                          David S Catuogno
c/o Michelle McMahon                     GrayRobinson, P.A.                        Forman Holt Eliades& Ravin LLC
1290 Avenue of the Americas              50 N. Laura Street, Suite 1100            80 Route 4 East, Suite 290
New York, NY 10104-0101                  Jacksonville, FL 32202-3611               Paramus, NJ 07652-2661

Cheney Brothers Inc.                     Cobb & Cole                               Colonial Bank, NA
2801 W. Silver Springs Blvd.             150 Magnolia Ave.                         c/o Roger A. Kelly
Ocala, FL 34475-5655                     Daytona Beach, FL 32114-4346              PO Box 3146
                                                                                   Orlando, FL 32802-3146


Crescent Real Estate Capital, L.P.       D-Zee Textiles LLC                        DBFLA Services, LLC
c/o Robert T. Hyde, Jr.                  c/o Mohammad Zafar Iqbal                  c/o Robert T. Hyde, Jr.
Rogers Towers, P.A.                      4725 Lakeland Commerce Pkwy               Rogers Towers, P.A.
1301 Riverplace Blvd., Suite 1500        #16                                       1301 Riverplace Blvd., Ste 1500
Jacksonville, FL 32207-1811              Lakeland, FL 33805-7666                   Jacksonville, FL 32207-1811
```

Chad A Dean
Schuyler Stewart Smith PA
118 West Adams Street Suite 800
Jacksonville, FL 32202-3866

Doris Johnson
c/o Johnson Law Firm, P.A.
233 E. Bay Street, Ste. 620
Jacksonville, FL 32202-3447

Mariane L Dorris
Latham Shuker Eden & Beaudine LLP
390 North Orange Avenue
Suite 600
Orlando, FL 32801-1684

ELCO Landmark Holdings, LLC
Brian K. Gart, Esq.
Berger Singerman, P.A.
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301-4215

ELCO Landmark Holdings, LLC
c/o Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 South Biscayne Blvd., Suite 1000
Miami, FL 33131-5319

Enterprise Leasing Company of Orlando
d/b/a Enterprise Rent-A-Car
d/b/a Enterprise Rent-A-Truck
c/o Robert S. Hoofman
PO Box 3146
Orlando, FL 32802-3146

Federal Trust Bank
c/o Jeffry R. Jontz
P. O. Box 1961
Winter Park, Florida 32790-1961

W Keith Fendrick
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810

Fieldstone Lester Shear and
Denberg
201 Alhambra Cir Ste 601
Coral Gables, FL 33134-5199

Edward M Fitzgerald
Holland & Knight LLP
200 South Orange Ave
Suite 2600
Orlando, FL 32801-3453

Florence Vladich, surviving spouse of
Nicholas Vladich
c/o Johnson Law Firm, P.A.
233 E. Bay Street, Ste. 620
Jacksonville, FL 32202-3447

Florida Power and Light
General Mail Facility
PO. Box 025576
Miami, FL 33102-5576

Florida Supply & Cleaning Inc.
c/o Joe Sfera
1710 Industrial St.
Edgewater, FL 32132-3561

Brian K Gart
Berger Singerman
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301-4215

General Elevator Sales &
Service Inc.
PO Box 550807
Tampa, FL 33655-0807

Jeffrey E Glen
Anderson Kill & Olick PC
1251 Avenue of the Americas
New York, NY 10020-1182

Barry P Gruher
Genovese Joblove & Battista PA
200 East Broward Boulevard
Suite 1110
Fort Lauderdale, FL 33301-3535

Jerry Hall
Pillsbury Winthrop Shaw Pittman LLP
2300 North Street Northwest
Washington, DC 20037-1122

Michael G Helms
The Helms Law Firm PLC
2600 North Central Avenue
Suite 940
Phoenix, AZ 85004-3014

Mark D. Hildreth
Abel, Band, Russell, Collier, et al
240 S. Pineapple Avenue
P. O. Box 49948
Sarasota, FL 34230-6948

Peter N Hill
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Robert S Hoofman
Rush Marshall Jones & Kelly PA
Post Office Box 3146
Orlando, FL 32802-3146

Bart A Houston
Genovese Joblove & Battista PA
200 East Broward Boulevard
Suite 1110
Fort Lauderdale, FL 33301-3535

Robert T. Hyde Jr.
Rogers Towers
1301 Riverplace Blvd. Suite 1500
Jacksonville, FL 32207-1811

ING Clarion Capital Loan Services
c/o Alan M. Weiss
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202-3622

Kimberly H. Israel
Held & Israel
1301 Riverplace Blvd Suite 1916
Jacksonville, FL 32207-9024

Edward P Jackson
255 N. Liberty Street, First Floor
Jacksonville, FL 32202-2820

Janet Williams
C/O Sheryl S. Zust, Esq.
4649 Clyde Morris Blvd., Ste 610
Port Orange, FL 32129-3003

Jim Macon Building Cont
662 Highland Drive
Altamonte Springs, FL 32701-5410

John Dozier
c/o Rehan N. Khawaja, Esquire
817 N. Main Street
Jacksonville, Florida 32202-3028

Eugene H Johnson
Johnson Law Firm PA
300 W Adams Street Ste 350
Jacksonville, FL 32202-4365

Jeffry R Jontz
Swann & Hadley PA
1031 W Morse Boulevard
Post Office Box 1961
Winter Park, FL 32790-1961

Joseph G. Gillespie, III
c/o John B. Macdonald, Esq.
50 N. Laura St., Suite 2500
Jacksonville, FL 32202-3646

Roger A Kelly
Rush, Marshall, Jones & Kelly, P.A.
Post Office Box 3146
Orlando, FL 32802-3146

Rehan N. Khawaja
817 North Main Street
Jacksonville, FL 32202-3028

Kim Foss, as Executrix of
the Estate of Gordon Landowski
c/o Johnson Law Firm PA
300 W. Adams Street Ste 350
Jacksonville, FL 32202-4365

Kinsey, Vincent & Pyle
150 South Palmetto Ave.
Ste. 300
Daytona Beach, FL 32114-4382

Roy S Kobert
Post Office Box 4961
Orlando, FL 32802-4961

LNR Partners, Inc., as special servicer
LaSalle Bank Nat'l for GCCFC
c/o Jeffrey I. Snyder, Esq.
200 S. Biscayne Blvd., Ste 2500
Miami, FL 33131-5340

LaSalle Bank National Assoc.
c/o Robert Kobert
390 North Orange Ave., Ste 1400
Orlando, FL 32801-1640

Eric A Linden
Jaffe Raitt Heuer & Weiss PC
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8214

John B. Macdonald
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202-3646

Mark Vladich, PR/Admin. Est. Nicholas Vladic
c/o Johnson Law Firm, P.A.
233 E. Bay Street, Ste. 620
Jacksonville, FL 32202-3447

Mary Ann Landowski, as Surviving
Spouse of Gordon Landowski
c/o Johnson Law Firm PA
300 W. Adams Street Ste 350
Jacksonville, FL 32202-4365

Michelle McMahon
1290 Avenue of the Americas
New York, NY 10104-0101

E. Robert Meek
Foley & Lardner LLP
P O Box 240
Jacksonville, FL 32201-0240

Mercantile Bank
c/o John T. Rogerson, III, Esq.
501 Riverside Avenue, 7th Floor
Jacksonville, FL 32202-4934

Michael Coker
c/o Rehan N. Khawaja, Esquire
817 N. Main Street
Jacksonville, Florida 32202-3028

Mohan Bhoola
45 Seton Trail
Ormond Beach, FL 32176-6524

Mindy A Mora
Bilzin Sumberg Baena Price Axelrod LLP
200 S Biscayne Blvd. #2500
Miami, FL 33131-5340

Robert M Norway
Boies Schiller & Flexner LLP
121 South Orange Avenue
Suite 840
Orlando, FL 32801-3233

James W Nuebel
The Umansky Firm
Post Office Box 533069
Orlando, FL 32853-3069

P Bradley O'Neill
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036-2714

Ormond Beach Partners II, LLC
c/o Barry P. Gruher
Genovese Joblove & Battista P.A.
200 East Broward Blvd., Ste 1110
Fort Lauderdale, FL 33301-3535

Jimmy D Parrish
Latham Shuker Eden & Beaudine LLP
Post Office Box 3353
Orlando, FL 32802-3353

Marvin Pastel
Weinstock & Scavo, P.C.
3405 Piedmont Rd., N.E., Ste 300
Atlanta, GA 30305-1728

Pepper Hamilton, LLP
c/o M. Duncan Grant, Esq
3000 Two Logan Square
Eighteenth and Streets
Philadelphia, PA 19103-2799

James H. Post
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202-4494

Patrick Potter
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street Northwest
Washington, DC 20037-1122

Property Consulting
c/o James I. Hanskat
1304 East Atlantic Blvd.
Pompano Beach, FL 33060-6745

| | | |
|---|---|---|
| RAIT Partnership, L.P.<br>c/o W. Keith Fendrick, Esq.<br>100 N. Tampa St., Ste. 2700<br>Tampa, FL 33602-5810 | Reed Smith LLP<br>PO Box 777-W4055<br>Philadelphia, PA 19175-0001 | Richard Wilkes<br>12120 Intern'l Drive<br>5th Floor<br>Orlando, FL 32821 |
| Roadway Investment Partners<br>201 Alhambra Circle<br>Suite 601<br>Miami, FL 33134-5199 | Rodeway Investment Partners LLC<br>c/o Barry P. Gruher<br>Genovese Joblove & Battista P.A.<br>200 East Broward Blvd., Ste 1110<br>Fort Lauderdale, FL 33301-3535 | John T Rogerson III<br>Volpe Bajalia Wickes Rogerson & Galloway<br>1301 Riverplace Boulevard Suite 1700<br>Jacksonville, FL 32207-9023 |
| David L Rosendorf<br>Kozyak Tropin & Throckmorton PA<br>2525 Ponce de Leon<br>9th Floor<br>Coral Gables, FL 33134-6039 | R Scott Shuker<br>Latham Shuker Eden & Beaudine LLP<br>Post Office Box 3353<br>Orlando, FL 32802-3353 | Paul S Singerman<br>Berger Singerman PA<br>200 South Biscayne Boulevard<br>Suite 1000<br>Miami, FL 33131-5319 |
| Jeffrey I Snyder<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131-5340 | Southeastern Surveying<br>6500 All American Blvd<br>Orlando, FL 32810-4350 | Miriam G Suarez BG<br>Office of the United States Trustee<br>135 West Central Blvd Suite 620<br>Orlando, FL 32801-2440 |
| Super 8 Worldwide, Inc.<br>c/o David S. Catuogno, Esq.<br>80 Route 4 East, Ste. 290<br>Paramus, NJ 07652-2661 | TUBA IV LLC<br>ATTN: BEATRIZ AGRAMONTE<br>c/o Gulf Group Holdings Acquis. & Applic<br>18305 Biscayne Blvd., Ste 400<br>Aventura, FL 33160-2172 | TUBA IV LLC<br>C/O Gulf Group Holding Acquisitions<br>and Applications Attn:Beatriz Agramonte<br>18305 Biscayne Blvd., Ste 400<br>Aventura, Florida 33160-2172 |
| Terrylyn Came<br>c/o Chad Dean<br>118 W. Adams St., #800<br>Jacksonville,FL 32202-3866 | The Park Avenue Bank<br>c/o John Rogerson, III<br>501 Riverside Avenue, 7th Floor<br>Jacksonville, FL 32202-4934 | The Park Avenue Bank<br>c/o Theresa M. Kenny/Michael Bowlus<br>10110 San Jose Blvd.<br>Jacksonville, FL 32257-5838 |
| The Plant People<br>c/o Vicky Trainer<br>PO Box 2525<br>Daytona Beach, FL 32115-2525 | United States Trustee - JAX<br>135 W. Central Blvd, Suite 620<br>Orlando, FL 32801-2440 | Vendor Capital Group<br>c/o Mark D. Hildreth, Esq.<br>Abel Band, Chartered<br>P.O. Box 49948<br>Sarasota, FL 34230-6948 |
| Nicolette Corso Vilmos<br>Broad and Cassel<br>390 North Orange Avenue<br>Suite 1400<br>Orlando, FL 32801-1640 | Wachovia Bank, N.A.<br>c/o James H. Post, Esq.<br>Smith Hulsey & Busey<br>225 Water St., Suite 1800<br>Jacksonville, FL 32202-4494 | Alan M. Weiss<br>Holland & Knight LLP<br>50 N Laura St Ste 3900<br>Jacksonville, FL 32202-3622 |
| Wells Fargo Bank, N.A.<br>LaSalle Bank National Association<br>Roy S. Kobert, P.A.<br>P.O. Box 4961<br>Orlando, FL 32802-4961 | Zurich, N.A.<br>Alberta L. Adams, Esq.<br>Mills Paskert Divers<br>100 N. Tampa Street, Suite 2010<br>Tampa, FL 33602-5145 | Sheryl S Zust<br>Sheryl S Zust PA<br>4649 Clyde Morris Boulevard<br>Suite 610<br>Port Orange, FL 32129-3003 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Allegiance Security Group, LLC
c/o Kimberly H. Israel, Esq.
6320 St. Augustine Road, Suite 2
Jacksonville, FL 32217-2813

End of Label Matrix
Mailable recipients   116
Bypassed recipients     1
Total                 117